**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYREE HART, | |
| Appellant | No. 1162 EDA 2014 |

Appeal from the PCRA Order entered March 6, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0905971-1995

BEFORE:  ALLEN, LAZARUS, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED DECEMBER 01, 2014**

Tyree Hart ("Appellant") appeals *pro se* from the order denying his second petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On August 2, 1995, Appellant, then eighteen years of age, approached the victim on a street corner in Philadelphia, shot him to death, and stole his wallet.  On March 17, 1997, he pled guilty to murder generally, and waived his right to a jury trial on the charge of robbery.  Thereafter, the trial court held a degree of guilt hearing for the murder charge and a bench trial for the robbery charge.  The trial court found Appellant guilty of second-degree murder and robbery.

Prior to sentencing, Appellant filed a *pro se* motion to withdraw his guilty plea asserting that he was innocent. Following an evidentiary hearing on September 19, 1997, the trial court entered an order denying Appellant's motion to withdraw his guilty plea. That same day, the trial court sentenced Appellant to life in prison without the possibility of parole for his murder conviction.

Appellant filed a timely appeal to this Court, in which he argued that the trial court abused its discretion in denying his motion to withdraw his guilty plea. In an unpublished memorandum filed on January 25, 1999, we rejected Appellant's claim, and affirmed his judgment of sentence. **Commonwealth v. Hart**, 736 A.2d 681 (Pa. Super. 1999). On August 12, 1999, our Supreme Court denied Appellant's petition for allowance of appeal. **Commownealth v. Hart**, 742 A.2d 672 (Pa. 1999). Appellant did not file a petition for writ of *certiorari* to the United States Supreme Court.

On May 2, 2001, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). By order entered June 24, 2002, the trial court permitted counsel to withdraw, and dismissed Appellant's PCRA petition. Appellant filed a timely appeal to this Court. In an unpublished memorandum filed on July 9, 2003, this Court affirmed the PCRA court's denial of post-conviction relief. **Commonwealth v. Hart**, 832 A.2d 537 (Pa. Super. 2003).

Appellant did not file a petition for allowance of appeal to our Supreme Court.

On August 10, 2012, Appellant filed a second *pro se* PCRA petition. By order entered March 6, 2014, the PCRA court dismissed Appellant's petition as untimely filed. This appeal followed.

Our standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. **Id**. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. **Id.**

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Because Appellant did not file a petition for writ of certiorari with the United States Supreme Court following our Supreme Court's denial of his *allocatur* petition, for PCRA purposes, Appellant's judgment of sentence became final ninety (90) days thereafter, on November 10, 1999. 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant filed the instant PCRA

petition over twelve years later. As a result, his PCRA petition is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. Appellant contends that his PCRA falls under the exception of subsection 9545(b)(1)(iii) because the United States Supreme Court recognized a new constitutional right in *Miller v. Alabama*, 132 S.Ct. 2455 (2012). In *Miller*, the high court held that mandatory sentences of life without parole "for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishment.'" *Miller*, 132 S.Ct. at 2460. Appellant asserts that the *Miller* decision should be applied retroactively to his life sentence. As recognized by the PCRA court, Appellant's claim fails for two reasons.

First, we note that the *Miller* holding is inapposite because Appellant was not a juvenile when he robbed and killed the victim. Second, even had Appellant been a juvenile at the time, our Supreme Court has determined that the *Miller* decision should not be applied retroactively. *See generally*, *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). Thus, Appellant cannot avoid the PCRA's time bar pursuant to Section 9545(b)(iii).

In sum, Appellant's PCRA petition is facially untimely, and he has failed to meet his burden of proof with regard to any exception to the timeliness

requirements of the PCRA. We therefore affirm the PCRA court's denial of Appellant's petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2014